UNIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In Re:<br><br>DAVID K. DRUMM,<br><br>Debtor | Chapter 7<br>Case No. 10-21198-FJB |
| ANGLO IRISH BANK<br>CORPORATION LIMITED<br>    Plaintiff,<br>v.<br><br>DAVID K. DRUMM,<br>    Defendant. | Adversary Proceeding<br>Case No. 11-01267 |

## DEBTOR'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT OF ANGLO IRISH BANK

Defendant David K. Drumm (the "Debtor") hereby answers the Complaint of Anglo Irish Bank Corporation Limited's ("Anglo Irish") Complaint for Denial of Discharge under U.S.C. §727, as follows.

### NATURE OF THE CASE

1.  No response is required to Paragraph 1, as it sets forth argumentative legal conclusions rather than facts. To the extent any response is required, Debtor specifically denies the allegations in Paragraph 1 and denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727. Further responding, Debtor fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants,

with the intention that they be fully disclosed to the Trustee in accordance with the applicable law. Additionally, as is well known to Anglo Irish and its counsel, Debtor voluntarily and fully disclosed such information and documents to the Trustee and her counsel long before any alleged cross-examination. The allegation throughout Anglo Irish's complaint that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

2. No response is required to Paragraph 2, as it sets forth argumentative legal conclusions rather than facts. To the extent any response is required, Debtor specifically denies the allegations in Paragraph 2 and denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727. Further responding, Debtor fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants, with the intention that they be fully disclosed to the Trustee in accordance with the applicable law. Additionally, as is well known to Anglo Irish and its counsel, Debtor voluntarily and fully disclosed such information and documents to the Trustee and her counsel long before any alleged cross-examination. The allegation throughout Anglo Irish's complaint that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

3. No response is required to Paragraph 3, as it sets forth argumentative legal conclusions rather than facts. To the extent any response is required, Debtor specifically denies the allegations in Paragraph 2 and denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727. Further responding, Debtor fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants, with the intention that they be fully disclosed to the Trustee in accordance with the applicable

law. Additionally, as is well known to Anglo Irish and its counsel, Debtor voluntarily and fully disclosed such information and documents to the Trustee and her counsel long before any alleged cross-examination. The allegation throughout Anglo Irish's complaint that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

4. No response is required to Paragraph 4.

5. No response is required to Paragraph 5, as it sets forth argumentative legal conclusions rather than facts. To the extent any response is required, Debtor specifically denies the allegations in Paragraph 2 and denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727.

## PARTIES

6. Admitted.

7. Denied.

## JURISDICTION AND VENUE

8. Admitted.

9. Debtor admits that the Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334 and that venue is appropriate in this Court.

10. Debtor admits that 28 U.S.C. §157(j) identifies objections to discharge as core matters.

## STATEMENT OF FACTS

11. Admitted.

12. Debtor admits that he testified at the April 1, 2011 Creditors' Meeting. No response is required to the remaining allegations in Paragraph 12 as the transcript speaks for itself. To the extent any response is required, Debtor truthfully answered each question at the

April 1 Creditors' Meeting to the best of his ability and recollection, and testified in the same manner on each occasion in his bankruptcy case. Further responding, Debtor fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants, with the intention that they be fully disclosed to the Trustee in accordance with the applicable law. Additionally, as is well known to Anglo Irish and its counsel, Debtor voluntarily and fully disclosed such information and documents to the Trustee and her counsel long before any alleged cross-examination. The allegation throughout Anglo Irish's complaint that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

13.    No response is required to the allegations in Paragraph 13 as his statement of financial affairs speaks for itself.

14.    Debtor admits that he testified at the April 1, 2011 Creditors' Meeting. No response is required to the remaining allegations in Paragraph 14 as the transcript speaks for itself. To the extent any response is required, Debtor truthfully answered each question at the April 1 Creditors' Meeting to the best of his ability and recollection, and testified in the same manner on each occasion in his bankruptcy case. Further responding, Debtor fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants, with the intention that they be fully disclosed to the Trustee in accordance with the applicable law. Additionally, as is well known to Anglo Irish and its counsel, Debtor voluntarily and fully disclosed such information and documents to the Trustee and her counsel long before any alleged cross-examination. The allegation throughout Anglo Irish's complaint that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

15. Denied.

16. No response is required to the allegations in the first sentence of Paragraph 16 as it concerns the view point of someone other than the Debtor. Debtor admits the allegations in the second sentence. Debtor denies the allegations in the third sentence.

17. Denied.

18. Debtor admits that he had primary responsibility for the bookkeeping of the family's financial affairs. Debtor denies the remaining allegations in Paragraph 18.

19. Debtor admits that his wife did not earn an income since approximately 1997. Debtor further admits that prior to September 2008 his and his wife's monies were held primarily in joint accounts. Debtor otherwise denies the allegations in Paragraph 19.

20. Admitted.

21. Debtor admits the first two sentences of Paragraph 21. Debtor cannot meaningfully respond to the last sentence as it is vague and ambiguous.

22. Debtor admits that additional monies were transferred into Ms. Drumm's name subsequent to September 24, 2008, but denies that any such transfers that would warrant the denial of his discharge under 11 U.S.C. §727. Further responding, Debtor fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants, with the intention that they be fully disclosed to the Trustee in accordance with the Bankruptcy laws. Moreover, contrary to Anglo Irish's and the Trustee's contentions, each and every transaction between the Debtor and his wife was disclosed to the Trustee prior to the conclusion of the 341 Creditors' meeting, independent of their inclusion in Debtor's amended statements of

financial affairs filed in May 2011. The allegation that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

23. Debtor admits that Ms. Drumm opened an account at AIB on or about December 12, 2008, and that the proceeds of the Skerries Rock mortgage were deposited into that account. Further responding, the Debtor states thgart his schedules of financial affairs speak for themselves and he fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions referenced in Paragraph 23, to his counsel and consultants, with the intention that they be fully disclosed to the Trustee in accordance with the Bankruptcy laws. Moreover, contrary to Anglo Irish's and the Trustee's contentions, each and every transaction between the Debtor and his wife was disclosed to the Trustee prior to the conclusion of the 341 Creditors' meeting, independent of their inclusion in Debtor's amended statements of financial affairs filed in May 2011. Debtor denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727.

24. No response is required to Paragraph 24 as it sets forth argumentative conclusions rather than facts. To the extent any response is required, Debtor admits that he amended his schedules and statement of financial affairs on or about May 17, 2011. Debtor denies the remaining allegations in Paragraph 24. Further responding, on or about January 24, 2011, to the extent not previously disclosed in his schedules, the Debtor fully disclosed to the Trustee and her counsel each and every transaction relating to his wife, and provided documentation pertaining to same. Long before this meeting, Debtor had fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants, with the intention that they be

fully disclosed to the Trustee in accordance with the applicable law. Additionally, as is well known to Anglo Irish and its counsel, Debtor voluntarily and fully disclosed all information and supplied all documentation concerning his prepetition affairs to the Trustee and her counsel, so that the Trustee had received all relevant information from Drumm and his counsel long before any alleged cross-examination. The allegation throughout Anglo Irish's complaint that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

25. No response is required to Paragraph 25 as it sets forth argumentative conclusions rather than facts. To the extent any response is required, Debtor admits that he amended his schedules and statement of financial affairs on or about May 17, 2011 and admits that he resigned as CEO of Anglo Irish on December 19, 2008. Debtor denies the remaining allegations in Paragraph 25.

26. Denied.

27. No response is required to Paragraph 27 as it sets forth argumentative conclusions rather than facts. No response is required for the additional reason that Paragraph 27 does not comply with Fed. R. Civ. P. 8(d)(1)'s requirement that each allegation be simple, concise and direct. To the extent any response is required, Debtor admits that his earnings were used to pay legal fees, purchase real estate (including the property in Wellesley) and to meet living expenses. Debtor otherwise denies the allegations in Paragraph 27.

28. No response is required to Paragraph 28 as it sets forth argumentative conclusions rather than facts. To the extent any response is required, Debtor admits that he earned the compensation identified in Paragraph 28 while CEO of Anglo Irish; owned real estate (jointly with his wife) in Ireland and the United States; and lived in Malahide prior to moving to the

United States in 2009. Further responding, the Debtor states that his schedule and statement of financial affairs speak for themselves. Debtor otherwise denies the allegations in Paragraph 28.

29.     No response is required to Paragraph 29 as it refers to testimony which was transcribed and speaks for itself. Debtor denies that he testified in an untruthful manner.

30.     No response is required to Paragraph 30 as it refers to testimony which was transcribed and speaks for itself. Debtor denies that he testified in an untruthful manner.

31.     Debtor admits that in March 2008 he and his wife jointly purchased the property at 262 Stage Neck Road, Chatham, MA. Debtor admits that the family's funds were used to purchase property in Wellesley, which is owned by a Nominee Trust, a vehicle commonly used in Massachusetts to hold real title to real estate. Debtor admits most of the household goods shipped from Ireland are located in the Wellesley property. Debtor denies the remaining allegations in Paragraph 31.

32.     Debtor admits that he and his wife jointly purchased the Chatham house, performed construction, and decorated the house, in part with monies he earned through his employment. The house recently was sold by the Trustee. Debtor denies the remaining allegations in Paragraph 32.

33.     No response is required to Paragraph 30 as it refers to testimony which was transcribed and speaks for itself. Debtor denies that he testified in an untruthful manner. Further responding, the items in storage consist of two couches, armoires, a bookcase, a coffee table and a children's desk, each of which was about ten years old and of unknown value. Debtor has invited the Trustee to retrieve the couches from storage, but she has declined that invitation.

34. No response is required to Paragraph 34 as it sets forth argumentative conclusions rather than facts. To the extent any response is required, Debtor admits that he produced the noted documents on August 14, 2011, shortly after such documents were obtained from a third party. The documents speak for themselves. Debtor otherwise denies the allegations in Paragraph 34.

35. No response is required to Paragraph 35 as it refers to a document, which speaks for itself. To the extent any response is required, Debtor denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727.

36. Debtor lacks knowledge sufficient to admit or deny the allegations in Paragraph 36 and therefore denies same.

37. Denied.

38. Debtor admits that in 2010 certain renovations were performed at the Wellesley property. Debtor otherwise denies the allegations in Paragraph 38.

39. Admitted

40. Debtor admits that the Trust was used to conceal the transaction from the media. Debtor otherwise denies the allegations in Paragraph 40. Further responding, the use of a Nominee Trust is commonplace and entirely legal in Massachusetts

41. The Nominee Trust speaks itself.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Denied.

9

47. Admitted. Further responding, the use of a Nominee Trust is commonplace in Massachusetts, and entirely lawful.

48. The timing of the events speaks for itself. To the extent Paragraph 48 purports to allege that Debtor purchased the Wellesley property on account of threatened litigation by Anglo Irish, the allegation is denied.

49. The timing of the events speaks for itself. To the extent Paragraph 49 purports to allege that Debtor purchased the Wellesley property on account of threatened litigation by Anglo Irish, the allegation is denied.

50. Denied, except admitted that Debtor was aware of the purchase.

51. Admitted.

52. The Deed speaks for itself.

53. The mortgage speaks for itself.

54. The Nominee Trust speaks for itself.

55. The Separate Property Agreement speaks for itself.

56. The Separate Property Agreement speaks for itself.

57. Denied.

58. Denied.

59. Debtor admits that Ms. Drumm did not work outside the home between 1996 and the date of purchase of the Wellesley property. Debtor otherwise denies the allegations in Paragraph 59.

60. Denied.

61. No response is required to Paragraph 61 as it refers to testimony which was transcribed and speaks for itself. No response is required for the additional reason that Paragraph

61 sets forth argumentative conclusions rather than allegations of fact. To the extent a response is required, Debtor denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727.

62. No response is required to Paragraph 62 as it refers to documents which speak for themselves. To the extent any response is required, Debtor denies that he engaged in any conduct that would warrant the denial of his discharge under 11 U.S.C. §727. Further responding, Debtor fully disclosed all information and supplied all supporting documents concerning his prepetition financial affairs, including without limitation all transactions involving his wife, to his counsel and consultants, with the intention that they be fully disclosed to the Trustee in accordance with the applicable law. Additionally, as is well known to Anglo Irish and its counsel, Debtor voluntarily and fully disclosed such information and documents to the Trustee and her counsel long before any alleged cross-examination. The allegation throughout Anglo Irish's complaint that the transfers were "exposed" by the Trustee is frivolous at best and false at worst.

63. No response is required to Paragraph 64 as it sets forth argumentative conclusions rather than facts and refers to transcribed testimony which speaks for itself. To the extent any response is required, Debtor denies the allegations in Paragraph 63.

64. No response is required to Paragraph 64 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves. To the extent any response is required, Debtor denies the allegations in Paragraph 64.

65. No response is required to Paragraph 65 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves. To the extent any response is required, Debtor denies the allegations in Paragraph 65.

11

66. No response is required to Paragraph 66 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves.

67. Denied.

68. Denied.

69. No response is required to Paragraph 69 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves.

70. Debtor admits that the loan was in furtherance of his effort to obtain a Visa. No response to the remaining allegations is required as the allegations concern documents which speaks for itself and/or set forth legal conclusions rather than facts.

71. To the extent Paragraph 71 alleges that the loan was illegal or a sham, Debtor denies such allegation. Debtor otherwise admits the factual allegations in Paragraph 71 but denies that any such conduct warrants the denial of his discharge under 11 U.S.C. §727.

72. Denied. Further responding, although Debtor had no obligation to inform Anglo Irish of matters relating to his family or his personal business, the Bank was well aware of the Debtor's intentions throughout the first half of 2009.

73. No response is required to Paragraph 73 as it refers to testimony which was transcribed and speaks for itself. Debtor denies that he testified in an untruthful manner.

74. Denied.

75. No response is required to Paragraph 75 as it sets forth argumentative conclusions rather than facts and refers to documents and transcribed testimony which speak for themselves. To the extent any response is required, Debtor denies the allegations in Paragraph 75.

          Document      Page 13 of 19

76. No response is required to Paragraph 76 as it sets forth argumentative conclusions rather than facts and refers to documents and transcribed testimony which speak for themselves. To the extent any response is required, Debtor denies the allegations in Paragraph 76.

77. Denied.

78. No response is required to Paragraph 78 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves. To the extent any response is required, Debtor denies the allegations in Paragraph 78.

79. No response is required to Paragraph 79 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves. To the extent any response is required, Debtor denies that the referenced transaction warrants the denial of his discharge under 11 U.S.C. §727. .

80. No response is required to Paragraph 80 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves. To the extent any response is required, Debtor denies that the referenced transactions warrant the denial of his discharge under 11 U.S.C. §727.

81. Debtor admits that the referenced transactions occurred, but denies that any of the transactions warrant the denial of his discharge under 11 U.S.C. §727.

82. Denied.

83. Denied.

84. No response is required to Paragraph 84 as it sets forth argumentative conclusions rather than facts and refers to documents and transcribed testimony which speak for themselves.

85. No response is required to Paragraph 85 as it sets forth argumentative conclusions rather than facts and refers to documents which speak for themselves. To the extent any

response is required, Debtor denies that the referenced transactions warrant the denial of his discharge under 11 U.S.C. §727.

86. Denied.

87. The testimony speaks for itself. Debtor otherwise denies the allegations in Paragraph 87.

## COUNT I - OBJECTION TO DISCHARGE; FRAUDULENT TRANFER AND CONCEALMENT WITHIN ONE YEAR OF THE PETITION DATE - 11 U.S.C. §727(a)(2)(A)

88. Debtor restates the foregoing paragraphs as if fully stated herein.

89. Paragraph 89 states legal conclusions to which no response is required.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT II - OBJECTION TO DISCHARGE; FRAUDULENT TRANFER AND CONCEALMENT OF PROPERTY OF THE ESTATE - 11 U.S.C. §727(a)(2)(B)

97. Debtor restates the foregoing paragraphs as if fully stated herein.

98. Paragraph 98 states legal conclusions to which no response is required.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

### COUNT III - OBJECTION TO DISCHARGE; FALSE OATH - 11 U.S.C. §727(a)(4)(A)

109. Debtor restates the foregoing paragraphs as if fully stated herein.

110. Paragraph 110 states legal conclusions to which no response is required.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

### COUNT IV - OBJECTION TO DISCHARGE; FALSE CLAIM - 11 U.S.C. §727(a)(4)(B)

121. Debtor restates the foregoing paragraphs as if fully stated herein.

122. Paragraph 122 states legal conclusions to which no response is required.

15

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

## RESERVATION OF RIGHTS

128. Paragraph 128 states legal conclusions to which no response is required. Denied.

129. Paragraph 129 states legal conclusions to which no response is required. Denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

None of the transactions identified in Anglo Irish's complaint were made with the intent to hinder, delay, defraud or conceal property from Anglo Irish, the Debtor's creditors or the Trustee.

SECOND AFFIRMATIVE DEFENSE

On or about January 24, 2011, to the extent not previously disclosed in his schedules and statement of financial affairs, the Debtor fully and voluntarily disclosed to the Trustee and her counsel each and every transaction relating to wife as well as Skerries Rock and the Chatham, Wellesley and Malahide residences and provided them with documentation pertaining to same.

THIRD AFFIRMATIVE DEFENSE

Debtor fully disclosed all information and supplied supporting documents concerning his financial affairs including without limitation all transactions involving his wife to his counsel and consultants before filing his original schedules and statement of financial affairs with the intention that they be disclosed in accordance with applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Anglo Irish's claims are barred to the extent that Debtor acted on the advice of counsel who was advised of all relevant facts.

## FIFTH AFFIRMATIVE DEFENSE

Anglo Irish's claims are barred by Fed. R. Bankr. P. 4004 and 9006(b)(3).

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Anglo Irish claims withdrawals from joint bank accounts of the Debtor and Mrs. Drumm constitute fraudulent transfers such claims are untenable as Mrs. Drumm had an undivided interest in those accounts.

## SEVENTH AFFIRMATIVE DEFENSE

Anglo Irish fails to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Debtor prays that the Complaint be dismissed in its entirety and with prejudice, and that the Court award him all costs and reasonable attorneys' fees incurred in defending this matter.

          Respectfully submitted,

          DAVID K. DRUMM,

          By his counsel

Dated:  November 11, 2011

          /s/ Francis C. Morrissey
          Francis C. Morrissey (BBO No. 567589)
          Morrissey, Wilson, & Zafiropoulos, LLP
          35 Braintree Hill Office Park, Suite 404
          Braintree, Massachusetts  02184
          Telephone:  (781) 355-5501
          Facsimile:   (781) 356-5546
          Email:  fcm@mwzllp.com

          and

          David Mack (BBO No. 631108)
          O'Connor Carnathan & Mack LLC
          1 Vande Graaff Drive, Suite 104
          Burlington, MA  01803
          Email:  DMack@ocmlaw.net

## CERTIFICATE OF SERVICE

I, Francis C. Morrissey, hereby certify that on November 11, 2011, I caused copies of the foregoing document to be served on the parties set forth below at the address indicated below via the Court's ECF system and/or regular mail, postage paid:

Kenneth S. Leonetti
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210

/s/ Francis C. Morrissey
Francis C. Morrissey